UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| FAIZAL M. ABDULLAHI, | : | Case No. 2:25-cv-37 |
| Petitioner, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Chelsey M. Vascura |
| WARDEN, SOUTHEASTERN CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**ORDER**

Petitioner has filed an Amended Petitioner in this Court for habeas corpus relief. (*See* Doc. 3). The case is currently before the Court on Petitioner's motion to compel and his reply in support of the motion. (Docs. 8; 12). The Court understands the motion to compel to be a motion to expand the record under Rule 7 of the Rules Governing § 2254 Cases (Habeas Rules). Respondent opposes the motion on the grounds that the requested materials are already included in the State Court Record, were not part of the state-court trial record, or are irrelevant to these proceedings. (Doc. 10).

On March 19, 2025, in accordance with Habeas Rule 5, Respondent filed a State Court Record in this case consisting of 289 pages of trial court records, plus an additional 573 pages of trial court transcripts. (Doc. 5). For the reasons below, Petitioner has not established that Respondent improperly omitted any materials required by Habeas Rule 5.[1]

---

[1]Habeas Rule 5(d) provides that the respondent must file with the answer a copy of:

(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

First, to the extent Petitioner requests Respondent to produce a copy of the Indictment, the Indictment is already included in the State Court Record.  (*See* Doc. 5, Ex. 1, at PageID 46). Second, to the extent Petitioner requests Respondent to produce a copy of the jury verdict forms, the Court notes that the contents of the jury verdict forms are contained in the transcripts provided by Respondent.  (*See* Doc. 5-1, at PageID 854-857).  Third, to the extent Petitioner requests a copy of Document 3 from the record of this Court, the request is granted.  The Clerk of Court will be directed to send Petitioner a copy of Document 3.  Fourth, to the extent that Petitioner seeks to have the exhibits to his motion (*see* Doc. 8, at PageID 954-58) added to the State Court Record, Respondent asserts that the filing of the motion contained as Attachment A and the trial continuance noted in Attachment B are already reflected in the State Court Record. (*See* Doc. 5, Ex. 16, at PageID 66 (noting trial continuance); Ex. 293 (showing filing of motion contained in Attachment A)).

The Court is not convinced at this time that the materials Petitioner seeks to add to the State Court Record are necessary to the adjudication of this case.  Accordingly, Petitioner's motion to expand the record (Doc. 8) is **DENIED**.  However, the **CLERK OF COURT** is **DIRECTED** to send Petitioner a copy of Document 3 (Amended Petition) from the record of this case.  Furthermore, should the Court determine in the adjudication of Petitioner's Amended Petition that supplementation of the record is necessary, the Court may order Respondent to supplement the record at that time.  See Habeas Rule 7(a) ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to

---

(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

2

the petition[,]" and "[t]he judge may require that these materials be authenticated.").

**IT IS SO ORDERED.**

August 13, 2025                               *Chelsey M. Vascura*
                                                         CHELSEY M. VASCURA
                                                         United States Magistrate Judge